

WWW.RIVKINRADLER.COM

**BARRY I. LEVY**
PARTNER
(516) 357-3149
barry.levy@rivkin.com

January 28, 2011

**By ECF**
Honorable Nicholas G. Garaufis
United States District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re:   Government Employees Ins. Co., et al. v. One of the Best, Inc., et al.
          Docket No. CV 10-4287(NGG)(RML)

Dear Judge Garaufis:

Plaintiffs Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company and GEICO Casualty Co. ("GEICO" or "Plaintiffs") respectfully submit this letter in response to the January 25, 2011 letter filed by counsel for defendants Rapuzzi, Palumbo & Rosenberger, P.C. ("RPR") requesting a pre-motion conference in advance of a putative motion to dismiss GEICO's Third, Fifth, Sixth, Eighth, Tenth, Eleventh, Thirteenth, Fifteenth, Sixteenth, Eighteenth, Twentieth, Twenty-First, Twenty-Third, Twenty-Fifth, Twenty-Sixth, Twenty-Eighth, Thirtieth, Thirty-First, and Thirty-Second Causes of Action pursuant to Fed. R. Civ. P. 12(c). As discussed below, RPR's proposed motion lacks merit, and the request to file the motion should be denied.

Before addressing the lack of merit regarding Mr. Blodnick's request, I would note for the Court that the timing of the pre-motion conference letter smacks of pure gamesmanship. At 10:00 a.m. on January 25, 2011, all counsel spoke with Magistrate-Judge Levy by telephone, jointly advised the Court that there had been substantive settlement discussions, and requested that the Court set a settlement conference for March 4, 2011 (with clients present) in an attempt to settle the case without the need for further litigation. Five hours later, Mr. Blodnick filed his pre-motion conference request by ECF.

   **I.**   **There is No Basis to Dismiss GEICO's RICO Conspiracy Claims**

Without advancing any actual support for its position, RPR contends that GEICO's RICO conspiracy claims are subject to dismissal based on <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007) because the RICO conspiracy claims and underlying substantive RICO claims "are composed of broad conclusory statements without any substantive facts" and because the Complaint "fails to set forth facts with enough

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000  F 516.357.3333

555 Madison Avenue
New York, NY 10022-3338
T 212.455.9555  F 212.687.9044

21 Main Street, Court Plaza South
West Wing, Suite 158
Hackensack, NJ 07601-7021
T 201.287.2460  F 201.489.0495



Honorable Nicholas G. Garaufis
January 28, 2011
Page 2

particularity … ."[1]   Not surprisingly, RPR neglects to specifically identify any defective portions of the Complaint, because – if it tried – it would be unable to do so.[2]  GEICO's RICO conspiracy claims are set forth in painstaking detail, and recite not only RPR's actual agreement to participate in the respective conspiracies (id. at ¶¶ 117-118, 152-153, 187-188, 222-223), but also describe RPR's role in the schemes, its coordination with its co-Defendants, and its actual conduct in furtherance of the conspiracyies including: (i) deliberate creation and submission of the fraudulent billing; (ii) communications with insurers (including GEICO) to attempt collection on the fraudulent billing; and (iii) the creation of fraudulent documents to support the billing and RPR's collection attempts. Id. at 3(iv), 22, 41-44, 50-53, 59-62, 68-71, 77-80, 85-88, 94-97, 99-101. These allegations are more than sufficient to state a claim. See, e.g., Air China Ltd. v. Nelson Li, 2009 WL 857611 at *6 (S.D.N.Y., March 31, 2009); see also Allstate Ins. Co. v. Valley Physical Medicine & Rehabilitation, P.C., 2009 WL 3245388 at *7 (E.D.N.Y., September 30, 2008)(rejecting motion to dismiss RICO conspiracy claim where pleading alleged that each defendant agreed to participate in the conspiracy by agreeing to conduct the affairs of the enterprises through patterns of racketeering activity and set forth factual details regarding the roles of the defendants).

## II.   There is No Basis to Dismiss GEICO's Unjust Enrichment Claims

RPR claims that GEICO's unjust enrichment claims are subject to dismissal because RPR supposedly was a mere third-party beneficiary of the Defendants' respective, interrelated fraudulent schemes. Unsurprisingly, RPR cites no authority for this proposition, much less that substantial, directly apposite authority from cases involving similar no-fault fraud rings that decisively rejects this proposition. See, e.g., State Farm Mut. Auto. Ins. Co. v. Grafman, 655 F. Supp. 2d 212, 222 (E.D.N.Y. 2010)(benefit necessary to support

---

[1]   Notwithstanding this "particularity" argument, the pleading requirements with respect to a RICO conspiracy are governed by Federal Rule of Civil Procedure 8(a), not Rule 9(b). See Hecht v. Commerce Clearing House, Inc., 897 F.2d 21, 26 n. 4 (2d Cir.1990).

[2]   Though RPR does suggest that there are "obvious problems" relating to GEICO's allegation that RPR conspired with – among others – certain John Doe Defendants, it does not specify the nature of these problems, nor does it indicate how or why GEICO is not permitted to plead John Doe Defendants among the alleged conspirators, nor does it cite any authority for the proposition that a John Doe Defendant cannot be alleged as a RICO conspirator. Indeed, we are not aware of any authority for this proposition – rather, the authority is to the contrary. See, e.g., Feliciano v. County of Suffolk, 419 F. Supp. 2d 302, 313 (E.D.N.Y. 2005)(recognizing that, when the identity of alleged defendants may not be known before a complaint is filed, "the plaintiff should have an opportunity to pursue discovery to identify the unknown defendants")(internal quotations and citation omitted).



Honorable Nicholas G. Garaufis
January 28, 2011
Page 3

---

unjust enrichment claim can be either direct or indirect); State Farm Mut. Auto. Ins. Co. v. Accurate Med., P.C., 2007 U.S. Dist. LEXIS 74459 at * 10 (E.D.N.Y. 2007)(rejecting argument identical to that now raised by RPR); AIU Ins. Co. v. Olmecs Med. Supply, Inc., 2005 U.S. Dist. LEXIS 29666 at * 47 - * 49 (E.D.N.Y. 2005)(rejecting identical "no direct benefit" argument and denying motion to dismiss where it could be inferred that the moving defendants shared in the benefit directly conferred upon other defendants); State Farm Mut. Auto. Ins. Co. v. CPT Med. Servs., P.C., 375 F. Supp. 2d 141, 154 (E.D.N.Y. 2005)(same). Accordingly, RPR's prospective argument for dismissal of GEICO's unjust enrichment claims is meritless.

**III.     There is No Basis to Dismiss GEICO's Aiding and Abetting or Judiciary Law Claims**

Though completely inappropriate for a motion addressed to the pleadings, RPR contends that dismissal of GEICO's aiding and abetting and Judiciary Law § 487 claims is warranted because RPR "does not create bills and plaintiff's attorneys are aware of this", the bills are prepared by RPR's clients and RPR simply mails them, the no-fault collections complaints RPR prepares are verified based on RPR's clients' records, and RPR has no knowledge of the falsity of its clients' records, etc. Simply put, these are questions of proof, not pleading, and are not properly resolved on a motion addressed to the pleadings. See Erickson v. Pardus, 551 U.S. 89 (2007); see also Ofori-Tenkorang v. Am. Int'l Group, Inc., 460 F.3d 296, 298 (2d Cir.2006). As the Court may note, GEICO has alleged, inter alia, that RPR deliberately and knowingly created the submitted the fraudulent billing, and that RPR deliberately and knowingly created fraudulent documents, including verifications, in an attempt to collect on billing that it knew to be fraudulent. See Complaint at 3(iv), 22, 41-44, 50-53, 59-62, 68-71, 77-80, 85-88, 94-97, 99-101. That is all that is required at the pleading stage.

As set forth, above, RPR's motion to dismiss is predicated on arguments that repeatedly have been advanced against substantively similar Complaints involving substantively similar no-fault fraud rings, and repeatedly have been rejected by this Court. It would be a waste of the parties' – and the Court's – time and resources to permit RPR to move for dismissal on these grounds. Accordingly, GEICO respectfully requests that the Court deny RPR leave to move to dismiss.

                                            Respectfully submitted,

                                            RIVKIN RADLER LLP
                                            /s/
                                            Barry I. Levy (BL 2190)

cc:     All counsel via ECF